**BASF WYANDOTTE CORP.,**
**Plaintiff–Appellee,**

v.

**THE UNITED STATES,**
**Defendant-Appellant.**

**No. 88–1104.**

United States Court of Appeals,
Federal Circuit.

Aug. 31, 1988.

James S. O'Kelly, Barnes, Richardson & Colburn, New York City, for plaintiff-appellee.

Michael P. Maxwell, Commercial Litigation Branch, Dept. of Justice, New York City, for defendant-appellee. With him on the brief were John R. Bolton, Asst. Atty. Gen., David M. Cohen, Director and Joseph I. Liebman, Attorney in Charge, Intern. Trade Field Office.

Before BISSELL, Circuit Judge, SKELTON, Senior Circuit Judge, and ARCHER, Circuit Judge.

ARCHER, Circuit Judge.

The United States (government) appeals from the judgment of the United States Court of International Trade in *BASF Wyandotte Corp. v. United States,* 674 F.Supp. 1477 (CIT 1987) (Restani, J.), holding that the United States Customs Service erred in classifying Bafixan liquid ("Bafixans") imported from 1979 to 1981 as "dyes." We affirm.

The provision covering dyes was initially found at item 406.50 of the Tariff Schedules of the United States (TSUS) and after 1981 was found at item 409.90–92, TSUS.

Item 406.50, TSUS (1980) reads:

Colors, dyes and stains (except toner), whether soluble or not in water, obtained, derived, or manufactured in whole or in part from any product provided for in subpart A or B of this part [part 1].

Part 1 of Schedule 4 of TSUS is entitled "BENZENOID CHEMICALS AND PRODUCTS." Subparts A and B are entitled respectively "Organic Chemical Crudes" and "Industrial Inorganic Chemicals." The Court of International Trade found, and the parties do not dispute, that Bafixans are derived from products described in one of the relevant subparts of part 1. Item 409.-90–92 includes the above quoted language, and the additional words:

Other:

409.90 Products provided for in the Chemical Appendix to the Tariff Schedules.

409.92 Other.

The trial court found that Bafixans are not dyes and may not be classified under either item 406.50 or items 409.90–92, but rather that they are inks and should be classified under item 474.26 in TSUS Schedule 4, Part 9. 674 F.Supp. at 1481–82. Headnote 1 to Part 9 explains that products classifiable under both Parts 1 and 9 should be classified under Part 1 except for "inks."

The Court of International Trade found that "Bafixans consist of highly concentrated coloring agents, dispersing agents which also serve as binders, other chemicals (such as preservatives), and water." 674 F.Supp. at 1480. According to the trial court, and apparently not contested by the government, inks contain colorants, binders and solvents. *Id.; see Corporation Sublistatica, S.A. v. United States,* 511 F.Supp. 805, 808–09 (CIT 1981). The trial court found the most persuasive testimony was that of Mr. Harvey George, Director of the Gravure Technical Association, who testified that "Bafixans contain all of the components of ink and function as ink would in a press designed to print with ink." 674 F.Supp. at 1480. The trial court also found that "Bafixans are designed for and are sold to companies who print transfer paper with the Bafixans." *Id.* The trial court's findings, including its finding that Bafixans meet the "relevant industry definition of ink and perform as inks do," *id.* at 1481, cannot be said to be clearly erroneous. *See Childcraft Educ. Corp. v. United States,* 742 F.2d 1413, 1414, 2 Fed.Cir. (T) 121, 122 (1984) (trial court's findings of fact will not be overturned unless clearly erroneous).

The government on appeal argues that Bafixans are "more than" or "other than" inks. It says that "Bafixans are not used by the printing industry, but by the textile industry" and that "the printing industry does not purchase Bafixans—they are sold to the textile industry." We are not persuaded by these arguments. If Bafixans fit the definition of inks they must be classified as such. While the use of a product may be considered in determining the classification of that article, *see United States v. Quon Quon Company,* 46 CCPA 70, 72 (1959), little weight should be placed on the industry using the item. The perti-

nent consideration is not who the user of the product is.

The government also argues that Bafixans should be classified as dyes because the end use is as a dye and not as an ink. This argument is not persuasive. The trial court found that "Bafixans are designed for and are sold to companies who print transfer paper with the Bafixans. The transfer paper is used in a subsequent heat transfer process whereby the coloring in the Bafixans gasifies (sublimes) and is imparted to textiles." 674 F.Supp. at 1480. Thus the use of the imported article is printing transfer paper. Although the printed transfer paper is used for dyeing, that is not the same article that was imported. The later use in the textile industry of the imported article in combination is too attenuated in view of the other evidence of record to be persuasive for customs classification purposes.

■ The government also contends that Bafixans are classifiable as dyes because the President exercised authority delegated to him by Section 225 the Trade Agreements Act of 1979, Pub.L. No. 96–39, 1979 U.S.Code Cong. & Admin.News (93 Stat.) 144, 235 (1979), (Act) to modify the tariff schedules in Presidential Proclamation No. 4768, 45 Fed.Reg. 45, 135 (1980), *reprinted in* 1980 U.S.Code Cong. & Admin. News 7434. Specifically, the President modified item 409.90 to include "[p]roducts provided for in the Chemical Appendix to the Tariff Schedules." 45 Fed.Reg. at 45,165; 1980 U.S.Code Cong. & Admin.News at 7488.

This Chemical Appendix contains several Bafixans. 45 Fed.Reg. at 45,198; 1980 U.S.Code Cong. & Admin.News at 7553. The Appendix, however, merely lists all the relevant chemicals, some 11,000 chemicals and chemical products, that were imported into the United States before 1978 or produced here prior to May 1, 1978. We agree with the trial court that there is no indication in the legislation and legislative history, or in the Presidential Proclamation and Annex II thereto which contains the Chemical Appendix, that the issuance of the Appendix was intended to affect the principles governing classification. Thus the listing of certain Bafixans in the Appendix was based on their previous classification by Customs under item 406.50, and not because of any decision that they were properly so classified as dyes.

Accordingly, because Bafixans were found to be inks, not dyes, by the trial court, they were improperly classified under items 406.50 or 409.90–92, TSUS. The decision of the Court of International Trade is

AFFIRMED.